**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHAPPELLE TYRONE FLADGER, | : | |
| Plaintiff, | : | Civil Action No. 15-7215 (CCC) |
| v. | : | **MEMORANDUM AND ORDER** |
| MERRILL MAIN, *et al.*, | : | |
| Defendants. | : | |

|  |  |  |
|---|---|---|
| CHAPPELLE TYRONE FLADGER, | : | |
| Plaintiff, | : | Civil Action No. 15-8770 (CCC) |
| v. | : | **MEMORANDUM AND ORDER** |
| MS. SARAH DAVIS, *et al.*, | : | |
| Defendants. | : | |

These matters come before the Court on civil rights complaints filed by Plaintiff Chappelle Tyrone Fladger ("Plaintiff") pursuant to 42 U.S.C. § 1983. The two complaints assert essentially the same claims, albeit against different sets of defendants. Some, but not all, of the defendants are common to both complaints. The first complaint in Case No. 15-7215 ("*Fladger I*") is disorganized and fragmented, making it difficult to comprehend. For example, Plaintiff submits to the Court two different "complaints" in his filing, (*see Fladger I*, ECF Nos. 1 & 1-1), as well as multiple addendums to these complaints, (*see Fladger I*, ECF Nos. 1-6, 1-7 & 1-10). Each of these complaints and addendums contain disjointed factual allegations that, although all generally related to Plaintiff's causes of action, nevertheless are not logically coherent—it appears that

Plaintiff simply assembled his various notes on the case and submitted the collection as his Complaint. The second complaint in Case No. 15-8770 ("*Fladger II*") is no different. *Fladger II* contains no less than *four* different "complaints" in the filing, with the same disjointed addendums, making it even less comprehensible than the previous complaint. It is clear, however, that *Fladger II* raises essentially the same claims as *Fladger I*. Therefore, the Court will dismiss Case No. 15-8770 as duplicative. *See Gause v. Ct. of Common Pleas*, 571 F. App'x 144, 145 (3d Cir. 2014) (holding that district courts may dismiss duplicative complaints as repetitive). Additionally, the Court will deem the complaint in *Fladger II* a proposed amended complaint to *Fladger I*, and direct the Clerk to file it as such. The Court will now address this proposed amended complaint.

In general, "once accepted, an amended complaint replaces the original." *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 705 n.2 (1982) (Brennan, J., concurring in judgment); *see Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit."); *Love v. Dep't of Corr.*, No. 13-1050, 2014 WL 46776, at *3 n.2 (D.N.J. Jan. 6, 2014) ("Plaintiff should note that an amended complaint supersedes prior complaints.") (citing *Snyder*). A plaintiff may also file a supplemental pleading that does not replace the original pleading, but only with leave of court. Fed. R. Civ. P. 15(d).

Here, however, it does not appear that Plaintiff intended that the proposed amended complaint serve as a replacement for the original complaint, because the proposed amended complaint is missing many of the defendants that were in the original complaint. *See Knight v. Wapinsky*, No. 12-2023, 2013 WL 786339, at *3 (M.D. Pa. Mar. 1, 2013) (finding that an amended complaint was not proper because it was not "complete in all respects, standing by itself as an adequate complaint without reference to the complaint already filed"). Moreover, the Court will

not treat the proposed amended complaint as a supplemental pleading to the original complaint in *Fladger I* because the proposed amended complaint is "too varied in substance and form" from the original complaint. *Zrodskey v. Head Classification Officer*, No. 11-0283, 2011 WL 5881813, at *2 (D.N.J. Nov. 23, 2011) (declining to construe a proposed amended complaint as a supplemental pleading under Rule 15, finding it "too varied in substance and form" from the original complaint).

As such, the Court finds that Plaintiff's proposed amended complaint is deficient, and rejects that pleading. Plaintiff may file a new amended complaint to cure these deficiencies within thirty days from the date of entry of this Order; the new complaint shall clearly identify all defendants Plaintiff is suing, and contain all allegations against these defendants in one comprehensive complaint, not in separate complaints.

**IT IS** therefore on this _31_ day of _May_, 2016,

**ORDERED** that the Clerk shall file the complaint in Case No. 15-8770 as a proposed amended complaint in Case No. 15-7215; it is further

**ORDERED** that Case No. 15-8770 is hereby **DISMISSED** as duplicative; it is further

**ORDERED** that the application to proceed *in forma pauperis* in Case No. 15-8770 is hereby **DISMISSED** as moot; it is further

**ORDERED** that the Clerk shall **CLOSE** Case No. 15-8770; it is further

**ORDERED** that the proposed amended complaint in Case No. 15-7215 is hereby rejected as defective under Rule 15; it is further

**ORDERED** that the Complaint in Case No. 15-7215 (ECF No. 1) is hereby dismissed without prejudice; it is further

**ORDERED** that within thirty (30) days from the date of entry of this Order, Plaintiff may file an amended complaint, consistent with the directions above, in Case No. 15-7215; and it is further

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular mail.

Claire C. Cecchi
United States District Judge

4